# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JAMES EMORY GARNER                                                                    PETITIONER

V.                                                                           NO. 1:06CV222-M-D

RONALD W. KING, et al.                                                               RESPONDENTS

## OPINION GRANTING MOTION TO DISMISS

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his guilty plea and twenty-year sentence for armed robbery in the Circuit Court of Monroe County, Mississippi. Following his conviction, Garner filed a motion for post-conviction relief in the Monroe County Circuit Court challenging his plea and sentence. On March, 23, 2004, the Circuit Court dismissed Garner's motion as meritless. Garner appealed the decision to the Mississippi Court of Appeals. On February 14, 2006, the Court of Appeals reversed the Circuit Court and remanded the case. In accordance with the Court of Appeals' order, the trial court was to hold a hearing and determine (1) whether Garner's pleas was voluntary due to erroneous information regarding eligibility for parole, and (2) whether he received ineffective assistance of counsel due to erroneous advice about his parole eligibility. *See Garner v. State* 928 So. 2d 911 (Miss. App. 2006).

Respondents offer that a hearing on the matter was held in the Monroe County Circuit Court as required by the Court of Appeals order. As a result of that hearing, Garner's plea and sentence were set aside by the trial court. Additionally, Respondents have provided proof that "James Emory Garner CAUSE NO. CR01-069 has a trial date set for February 27, 2007" in the Circuit Court of Monroe County. Respondents contend that dismissal of this habeas petition is appropriate because Garner is challenging a guilty plea and sentence that has been vacated. Moreover, in light of

Garner's impending trial date, his conviction is not yet final and, thus, the one-year statute of limitation has not begun to run.

Having reviewed the record and the evidence in this matter, the Court agrees. There simply is no final conviction from which the Petitioner may seek habeas corpus relief. Therefore, the petition shall be dismissed as moot. Also, the Court notes that correspondence mailed to Petitioner has on two occasions recently been returned as undeliverable. In direct violation of previous orders and warnings, Petitioner has failed to keep the Court informed of his current address which provides an additional basis for dismissal. See Fed. R. Civ. P. 41(b).

SO ORDERED this the 1st day of February, 2007.

                                              **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**